Is there anything to add on this one or have our colloquies with you already developed what you need on this? This is the attorney's fees. Yes, sir. I'd like to point out to you simply that many of the charges that the trustee has placed in to be paid for were duties that she should have done, and she deferred them to Attorney Friedman, who in turn... Is there jurisdiction here? It looks to me like it's an interim award of attorney's fees, and I thought the law was that we don't have jurisdiction to review interim awards. That's true. However, if the amount exceeds the total amount, I think the total amount is $261,000, because of the interim fees, the exemption, and the other costs, it far exceeds the $261,000. Is there a law that gives us any jurisdiction to review it? I believe it is, Your Honor. Let's say the interim award is all wrong. Do we have jurisdiction to review it? Yes, you do. Yes, you do. We have jurisdiction if it exhausts the estate. That's what I was attempting to say. Is there a law that... Sorry. Do we know that it exhausts the estate? I mean, we know what the proceeds were of the sale of the house. Yes, sir. I'm not sure that we know what the extent of the... Well, yes. I believe the fees are like $135,000, and then you've got the $125,000. Isn't there other value in the estate? There's nothing else. Other property? There's none. No. No, Your Honor. I thought there was some property in Michigan, some other property. No. What happened, there was a single home worth about $7,000, and what happened is that my wife, Dawn Martin Kyle, made a motion to abandon the property because nothing had been done on it. The property was going to be raised, and she was going to be held in contempt of court because of her failure to keep the property up. So she made a motion, and only then did Mr. Friedman do a title search on the property to determine whether or not it was of any value to the estate. And once he found that out, he dismissed the action as it relates to that piece of property. But isn't this, quite aside from whether there's any value in the estate, isn't this an interim order in the sense that it's just not a final order and it could be revised? What was the time sequence? Did the bankruptcy appellate decision come out before or after the interim award was made? After. Okay. So why couldn't you now go back to the bankruptcy court and say, because it was an interim and not a final order, and say, we want you to, in light of what the bankruptcy appellate court said, i.e., that there was a lot of time wasted here, we want you to reconsider the interim award because it's not final yet. Couldn't you do that? I suspect you could. All right. Therefore, it's not final yet. Well, I merely looked at the numbers, and the numbers exceeded what was available. I understand. I'm saying it was interim in two senses. I mean, it was interim because it was only for certain fees, and there could be more fees. But it was also interim because it simply was a sort of first take, which the judge was free to reconsider later. True. It still is. True. But like I indicated, I was looking at the total picture of the amount. There's simply nothing more there. I guess it wouldn't exceed the estate if the exception was lost because of, let's see, did the BAP say it could still be lost because of fraud? No. The BAP indicated that, and I was there, that there could be a surcharge if they believed that there had been some maneuvering on the part of the debtor. But to answer your question. But I was merely pointing out that. Was the original copy of the trust? Yes. Yes, it was. And to answer, frankly, I gave my family members that. They had never asked for a copy of the trust until that day. That's the sad part about this. Which day? The day of the sale. The day of the sale. The original sale. Yes. October 28th. Exactly. And so the court said, you don't have a copy, you're ordered to give him a copy. And she did. But had they been diligent, they could have gotten a copy early on. For over two years, they did nothing. And that's the short answer on that. But the judge, when he issued his, because I just read it sitting here, when he issued his order on reconsideration, didn't seem to understand that it was her ethical trust. To answer your question, you're right. He made no indication one way or the other. He said simply, we can't proceed because the estate doesn't own the property. It's in the name of the Cinderella Living Trust. And that's when Mr. Friedman got it signed by Mr. Miles. But here again, that mootness problem comes up because the estate was never privy to any of that. We were not noticed. You just switched hats. Because right now you're representing. Yeah. I apologize.        Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you, Your Honors. I understand Ms. Kyle's frustration. And the trustee has also been frustrated by this case. I mean, what is clearly evident is that the debtor, Ms. Kyle, needs to claim that the property was her property in order to obtain the homestead exemption. And then her husband is now representing, or not now, but has been representing an entity taking a completely contrary position. Well, let's take these various fees because that's who we are now. You're right. The bankruptcy appellate panel certainly suggested that there were some excessive fees involved here. And we don't need to get into that. But I guess my question at this point is, is this order interim in the sense that that question, i.e., whether in light of the bankruptcy appellate panel's assessment of the proceedings, the interim fee should be reconsidered, will be open on remand. Open not on remand because assuming we don't have jurisdiction because it was really an interim award, that means to me that it's not final and can be reconsidered. Is that your understanding? Yes. Your Honor, I will answer your question if you just give me a brief second. In bankruptcy cases, the conclusion of the case is usually done by the trustee filing his final report and account, at which time counsel, if there is counsel, seeks allowance on a final basis of all fees, including those that may have been issued prior as an interim award. In this particular case, our application was entitled interim application. I believe it was entitled first interim application. The order that was issued by the bankruptcy court provided that it was the order granting interim award of fees. And this is an interim award. And it is, I'm sorry for cutting you off, Your Honor, it is subject to final review. So it's not interim only in the sense that it only covers a period and there could be more, but it's also interim in the sense that even for the period it covers, it can be reconsidered? Yes. Okay. I don't know if this matters. The reason I don't know if it matters is 28 U.S.C. 158d says that we have jurisdiction over appeals from final decisions, and this case leaves a Ninth Circuit case, says we don't have jurisdiction over interlocutory appeals under that statutory provision. So I don't know if this matters. But suppose that at the end of this case, I don't know when that will be, it's been a very hotly litigated case, could be a long time. The judge says, you know, I awarded too much money in attorney's fees in the interim fee. I'm going to change my mind. I'm going to cut it to $50,000. What would happen? Would the law firm have to disgorge $66,000 that it had been paid? Does the money not get paid until the final order? What happens when there's an interim award not appealable to the Ninth Circuit for $116,000 and then a final award of $50,000? I mean, what happens in real life? In real life, it would be disgorged. Because the interim award allows for the payment to be made, and it would be disgorged. That would be the only remedy. And I cited in my brief, it was a case... Are there disgorgement cases? I mean, does that sometimes happen, that the lawyer is ordered to disgorge? I don't know. I can't tell you if there are cases or not. Can an interim award be cut? Can a final award be less than the interim award? I don't know. Why not? I thought you told me definitively yes. I thought that's what I was asking you, and you said definitively yes. Because it's not final and can be reconsidered. Right. It can be reconsidered. So I think the reason the cases say that it's an interlocutory order is because it's always subject to that final review. So are there cases where the bankruptcy court in the final award awards less than it did in the interim award because of a decision that had, for one reason or another... I don't know. I didn't do that research on that. The research that I did was finding that an interlocutory order is not a final order, therefore there's no jurisdiction. Do bankruptcy lawyers have to keep these interim awards in trust accounts or something, or is it just their problem if a disgorgement is ordered? To the best I understand, and I haven't had this situation before, I believe it's just the problem of the counsel. So if a judge tells you to pay back the award, it's your problem to scrabble around for it. I believe so. Well, that issue comes up in other bankruptcy awards too, because sometimes people make interim requests for fees, for example, on a preliminary injunction, if there's been a great deal of time expended, and sometimes the courts issue the orders, but the understanding, as I understand it, is always... I mean, it's even more clear in those cases, because if in the end, say in a 1988 case, the plaintiff loses, the lawyers may have to give everything back, because they may have achieved nothing. Nonetheless, it's considered fair that they get paid something in the interim, and if they're willing to take the chance, they may have to pay it back. Right. And this should be... Is there any reason this should be different? No. No, it shouldn't be. I mean, this is a case where, at least in the Central District of California, where we practice, we are asked by certain trustees if we'd like to represent them, and we always take that case. It's basically taking it as a contingency case. And you understand that you're getting the money in the interim for cash flow purposes, but it's not... A final order. ...a subject being repaid. Yes. Yeah, and I just want to point out a couple things. The first thing, in my brief on this matter, when I submitted it, the Ninth Circuit had issued... I guess it was a published decision. The case is in Ray Strand, and at the time that I filed the case, all that I had was the case number. I believe that was pending before this Court. And since then, I have seen that it is published, and the site for that case is 375 F 3rd 854, Ninth Circuit, 2004. And that case stands for the proposition that an interim award is not a final order. And it's always subject to the final review of the bankruptcy trustee at the time that the final compensation is filed. You said an interim award of fees. Excuse me? I'm sorry. You said an interim award of occurrence fees. The one that I obtained? Yes. In that particular case, I actually looked at it. In that particular case, it was... The trustee had sought final compensation. And the compensation was reduced because there was an issue that needed to be further dealt with. So the Court granted an interim award of fees until they dealt with the other issues and then had a final hearing. So the Court found that because they were an interim order, even though it may have been brought by a final application, that it was only an interim order. And because it was an interim order, the Court didn't have jurisdiction. So just really in summing up, this appeal is whether the BAP erred in dismissing the appeal at the Bankruptcy Appellate Panel is interlocutory and not final. It's the same issue here. It is an interim award. The motion, the initial application says it's interim. The order approving it says it's interim. And I think the case law on the Ninth Circuit plus the other cases that we did cite, it's very clear that an interim order is not final and it is subject to the final review. Thank you, counsel. I can't remember whether the appellant had more time in this case. I think so. Did the appellant wish to be heard further? No. Thank you, counsel. In re, Kyle Irving v. Stey 0456618 is submitted. Thank you. Next we'll hear United States v. Cano Ramirez. That one's submitted. That one's submitted. Next we'll hear United States v. McKinney.
judges: Canby, Kleinfeld, Berzon